UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PHILIP A. PARRINO,

                          Plaintiff,                            **REPORT AND**
                                                                  **RECOMMENDATION**
          -against-                                      **CV 11-3315 (JFB) (GRB)**

SUNGARD AVAILABILITY SERVICES LP,

                          Defendant.
----------------------------------------------------------X

**GARY R. BROWN, United States Magistrate Judge:**

      This matter concerns allegations by plaintiff *pro se* Philip A. Parrino that defendant SunGard Availability Services LP. ("SunGard"), his former employee, defamed him or otherwise damaged his reputation by providing his personnel file to third parties. SunGard claims that it provided those materials in response to a subpoena issued in an unrelated litigation. Before the court on referral from District Judge Bianco is the defendant's motion to dismiss the complaint. *See* Docket Entry ("DE") [8]. For the reasons set forth herein, it is respectfully recommended that the motion be granted, and that the plaintiff be given an opportunity to file an amended complaint.

## BACKGROUND

      The complaint alleges the following facts, which are deemed to be true for purposes of this motion: Parrino was employed by defendant SunGard from May 21, 2007 through September 16, 2007. Compl. ¶4, DE [1]. In 2011, Parrino was the plaintiff in the case of *Parrino v. Howard Dolgon and Michael Dolgon* in Superior Court in Mineola, New York (hereinafter "the *Dolgon* matter"). *Id.* ¶2. The complaint states that during the jury trial of the *Dolgon* matter, "defendants lawyer of Incompass (Allstate) Insurance company obtained my work records from Sungard Availability Services Human resources director of employee

relations Annmarie Frio. On May 6. 2010 without my signature or consent." *Id.* ¶3. Plaintiff claims that the records "showed derogatory and slanderous information regarding my work history" at SunGard. *Id.* ¶4.

Three paragraphs of plaintiff's complaint address several specific documents that came from Parrino's personnel file at SunGard. Compl. ¶¶5-7. Plaintiff references a 4-month performance report that was introduced to "discredit my name and reputation." *Id.* ¶5. Parrino states that the 4-month review "did not have my signature nor the signature of my immediate supervisor Mr. Frank Miraglia. To the best of my recollection I don't remember sitting down with Mr. Miraglia to review that performance." *Id.* Paragraph 6 lists several documents without any characterization, and paragraph 7 discusses two pages of handwritten notes that the Dolgons' attorney argued were made by plaintiff, a point he disputed. Plaintiff claims that the disclosure of this material impacted the result of the *Dolgon* matter as it "forced me to settle for much less money." *Id.* ¶8. The complaint does not, however, identify specific language within the documents that Parrino alleges to be defamatory.

Parrino further alleges that he received a call from a SunGard public relations person who "admitted to me that those records should not have been released and asked me what if anything can Sungard do for me to make up the embarrassment that it had caused to me." Compl. ¶10. That person called back and informed plaintiff "that Sungard was within their rights to release my work history information because they were subpoena [sic] by Mr. Dolgon's attorney and Allstate insurance company." *Id.* ¶11. Plaintiff concludes that defendant has slandered him and prevented him "from being hired by any future job prospective." *Id.* ¶12.

Parrino filed this lawsuit on or about June 6, 2011 in New York Supreme Court, and on

2

July 11, 2011, defendant removed the case to this court on the basis of diversity of citizenship of the parties. Defendant filed the instant motion to dismiss on August 17, 2011, and also served Parrino with the requisite Notice to Pro Se Litigant regarding opposition to a motion to dismiss. *See* DE [7]. Parrino opposed the motion in a document styled as a "Motion for a Continuance." *See* DE [12]. Judge Bianco issued an Order that noted that plaintiff's submission was clearly intended to be his opposition papers, and that since defendant has "stated that it will not submit a reply," declared the motion fully briefed. *See* Order of 10/4/11, DE [14]. The motion was referred to the undersigned for report and recommendation on December 15, 2011. *See* Order of 12/5/11, DE [15].

## DISCUSSION

### LEGAL STANDARDS

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.,* 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.,* 421 F.3d 96, 100 (2d Cir. 2005); *Rosen v. North Shore Towers Apartments, Inc.,* 2011 WL 2550733, *2 (E.D.N.Y. June 27, 2011). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 563 (2007). The Court does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a

3

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (quoting and citing *Twombly,* 550 U.S. at 556-57) (internal citations omitted).

When considering a motion to dismiss a *pro se* complaint, the court must "interpret the complaint liberally to raise the strongest claims that the allegations suggest." *Rosen,* 2011 WL 2550733, at*2 (citing *Cruz v. Gomez,* 202 F.3d 593, 597 (2d Cir. 2000)); *see also Hughes v. Rowe,* 449 U.S. 5, 9 (1980) (per curiam)(noting that courts should hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers"). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." *Achtman v. Kirby, McInerney & Squire, LLP,* 464 F.3d 328, 337 (2d Cir. 2006) (citation omitted).

At the outset, the court must frame what claims plaintiff is attempting to assert. There are no headings provided in the complaint, but the allegations suggest that he is asserting damage to his reputation by defamation. For example, he characterizes the records as showing "derogatory and slanderous information," Compl. ¶4, states the evidence was introduced in the *Dolgon* matter "to discredit my name and reputation," *id.* ¶5, that Sungard allegedly offered to make up the "embarrassment" caused him, *id.* ¶10, and concludes that defendant has "slandered plaintiff." *Id.* ¶12. Thus the Court will determine whether plaintiff's complaint adequately states a cause of action for defamation under New York law.

**DEFAMATION CAUSE OF ACTION**

Defamation is defined as "the making of a false statement which tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the

minds of right-thinking persons, and to deprive him of their friendly intercourse in society." *Foster v. Churchill,* 87 N.Y.2d 744, 751, 642 N.Y.S.2d 583 (1996) (internal quotations and citations omitted). When such a statement is expressed in writing, the common law cause of action is for libel. *See Church of Scientology Int'l v. Behar,* 238 F.3d 168, 173 (2d Cir.2001). Under New York law, a cause of action for libel requires a plaintiff to plead: "(1) a false and defamatory statement of fact concerning the plaintiff; (2) that was published by the defendant to a third party; (3) due to the defendant's negligence (or actual malice, depending on the status of the person libeled); and (4) special damages or *per se* actionability." *Conte v. Newsday, Inc.,* 703 F. Supp. 2d 126, 146 (E.D.N.Y. 2010) (quoting *Celle v. Filipino Reporter Enters.,* 209 F.3d 163, 176 (2d Cir.2000)). A review of plaintiff's complaint compels the conclusion that he has not satisfied his burden.

It is axiomatic that "truth is an absolute, unqualified defense to a civil defamation action." *Guccione v. Hustler Magazine, Inc.,* 800 F.2d 298, 301 (2d Cir. 1986) (citation omitted). Thus, plaintiff must, in the first instance, allege that a false statement was made about him. Rule 8 pleading requirements apply to defamation claims. *See Edward B. Beharry & Co. v. Bedessee Imports Inc.,* 2010 WL 1223590, at *5 (E.D.N.Y. Mar. 23, 2010). As such, the complaint "need only afford the defendant sufficient notice of the communications complained of to enable him to defend himself." *Swain v. Brookdale Sr. Living,* 2011 WL 1213600, at *1 (W.D.N.Y. Mar. 31, 2011). A plaintiff must, however, plead the specific words about which he complains as "the failure to make any reference to 'any allegedly defamatory statements fails to comport with even the liberal pleading requirements of Federal Rule of Civil Procedure 8.'" *The Homeless Patrol v. Joseph Volpe Family,* 2010 WL 2899099, at *16 (S.D.N.Y. June 29, 2010) (quoting *Daniels v.*

*Alvarado,* 2004 WL 502561, at *7 (E.D.N.Y. Mar. 12, 2004)). Plaintiff here has failed to identify a single statement in any document that he claims to be untrue. Although he suggests in his opposition that the 4-month review was "falsely created," Pl. Opp. at 1, he does not suggest that this document contained specific, untrue statements. Absent particularized allegations regarding the statements he claims to be false, plaintiff cannot state a cause of action for defamation.

Even if plaintiff had identified particular, allegedly false, statements, his complaint faces another significant hurdle regarding the publication requirement. There is no dispute that SunGard provided or "published" Parrino's personnel files to third parties. To constitute libel, however, the publication must be "without authorization or privilege." *Deer Consumer Prods, Inc. v. Little,* 2012 WL 280698, at *11 (N.Y. Sup. Jan. 27, 2012) (citing *Dillon v. City of New York,* 261 A.D.2d 34, 38, 704 N.Y.S.2d 1 (N.Y. App. Div. 1999)). SunGard argues that its actions were in response to a lawfully issued subpoena and therefore are absolutely privileged.[1] The Second Circuit has noted that "[v]intage case law demonstrates that New York bestows an absolute privilege upon those whom the government compels to give evidence." *Boice v. Unisys Corp.,* 50 F.3d 1145, 1149 (2d Cir. 1995) (internal citations omitted). As defendant correctly noted, certain communications, such as the act of responding to a subpoena, "may not serve as the basis for a defamation action." *Id.* The absolute privilege "confers immunity regardless of motive." *A.F.C. Enters., Inc. v. New York City Sch. Constr. Auth.*, 2001 WL 1335010, at * 12

---

[1] While the subpoena itself is not attached to the complaint, plaintiff references it in the complaint. The complaint also attaches a Certification of Records executed by Annmarie Frio, SunGard's director of Employee Relations, that is the cover sheet to the file that was produced in the *Dolgon* matter.

(E.D.N.Y. Sept. 6, 2001). Thus, defendant is entitled to absolute immunity to the extent it produced the documents contained in Parrino's personnel file in response to a subpoena.[2]

SunGard also argues that it is entitled to a qualified privilege that attaches to "allegedly defamatory statements made between persons who share a common interest in the subject matter." *Vaughn v. American Multi Cinema, Inc.,* 2010 WL 3835191, at *3 (S.D.N.Y. Sept. 13, 2010). New York law provides that "[c]ommunications by supervisors or co-workers made in connection with the evaluation of an employee's performance, including allegations of employee misconduct and communications regarding the reasons for an employee's discharge, fall within the privilege." *Albert v. Loksen,* 239 F.3d 256, 272 (2d Cir. 2001). A qualified privilege can be defeated upon a showing that the statements were published with malice. *See Boice,* 50 F.3d 1149. As the complaint is completely devoid of any allegations regarding malice on the part of SunGard, the production of plaintiff's personnel file is also subject to the qualified privilege.

**LEAVE TO AMEND**

As noted *supra*, a *pro se* complaint must be interpreted liberally to discern any other viable claims that the allegations suggest. Although defendant's arguments regarding production of Parrino's personnel file are generally persuasive, SunGard fails to address plaintiff's statement, raised only in his opposition, that he believes the 4-month review produced by SunGard "was falsely created by Sungard Availability Services LP to defame Plaintiff character." Pl. Opp. at 1. Although the complaint does not include this allegation, it does state that he does

---

[2] Although SunGard enjoys absolute immunity as to the production of its files in existence in response to the subpoena, such immunity may not protect SunGard if it *created* documents in response to the subpoena. As will be discussed *infra,* plaintiff should be allowed to amend his complaint to amplify his allegation in his opposition papers that some of the produced documents were "falsely created."

not remember attending a review and contains his observation that the review is unsigned by either himself or the reviewer. This allegation taken alone, without reference to any document's authenticity, is not sufficient to assert a claim. It is conceivable, however, that plaintiff may be able to assert a claim if he were to amend to include factual allegations relating to the authenticity of the materials released by SunGard in the *Dolgon* matter.

Of course, plaintiff's allegation that defendant falsely created the 4-month review document does not, in and of itself, state a claim for defamation. He must still provide allegations that state such a claim including, for example, a clear indication of the particular *content* of the report that he claims is false. In addition, to the extent plaintiff may attempt to assert some claim sounding in fraud, he must comply with the heightened pleading requirements of Rule 9 that require a party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

The Second Circuit has stated that "the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795 (2d Cir. 1999) (citation omitted). Accordingly, it is recommended that the motion to dismiss be granted and that plaintiff be afforded an opportunity to amend his complaint.

## OBJECTIONS

A copy of this Report and Recommendation is being mailed to the plaintiff by certified mail, and sent by electronic filing to the defendant on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections

within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
February 16, 2012

    /s/ Gary R. Brown
GARY R. BROWN
United States Magistrate Judge