UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

PHILIP A. PARRINO,

    Plaintiff,

    – against –

SUNGARD AVAILABILITY SERVICES,

    Defendant.

----------------------------------------X

ORDER
11-CV-3315(JFB)(GRB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 08 2012 ★
LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

  On July 11, 2011, this case was removed from state court. On July 12, 2011, defendant requested a pre-motion conference in anticipation of moving to dismiss plaintiff's complaint. On July 12, 2011, the Court issued an Order directing the parties to participate in a pre-motion conference on July 21, 2011. On July 18, 2011, the Court waived the pre-motion conference requirement and set a briefing schedule for defendant's motion to dismiss. Defendant filed its motion to dismiss on August 17, 2011. On September 19, 2011, plaintiff filed a "Motion of Continuance." On September 22, 2011, defendant filed a letter stating that plaintiff's opposition failed to address defendant's substantive arguments and requesting that the Court deem plaintiff's claim abandoned. In that letter, defendant indicated that it would not file a reply in further support of its motion to dismiss. On October 4, 2011, the Court issued an Order stating "[i]t is clear from plaintiff's motion that the Motion of Continuance is in fact an opposition to defendant's motion to dismiss rather than a request for additional time." In the October 4, 2011 Order, the Court indicated that the Court considered the matter fully submitted and would issue a written opinion based on the parties' submission. On December 5, 2011, the Court referred the

motion to Magistrate Judge Gary R. Brown for a Report and Recommendation.

On February 16, 2011, Magistrate Judge Brown issued a Report and Recommendation recommending "that the motion be granted, and that the plaintiff be given an opportunity to file an amended complaint." (Report and Recommendation, at 1.) The Report and Recommendation states that "[a]ny objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days," and that "[f]ailure to file objections within this period waives the right to appeal the District Court's order." (*Id.* at 7-8.) To date, although the deadline for objections has expired, no objections have been filed.

When a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). Where clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure

timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). However, because the failure to file timely objections is not jurisdictional, the district judge can still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas v. Arn*, 474 U.S. at 155)).

Although no objections have been filed and thus *de novo* review is not required, the Court has conducted a *de novo* review of the Report and Recommendation in an abundance of caution and HEREBY ADOPTS the well-reasoned and thorough Report and Recommendation.

IT IS ORDERED that the defendant's motion to dismiss plaintiff's complaint is granted, for the reasons articulated by Magistrate Judge Brown. The plaintiff may, however, file an amended complaint. Plaintiff must file his amended complaint by April 13, 2012. Failure to file an amended complaint will result in the dismissal of this action **with prejudice**.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: March 8, 2011
Central Islip, NY

3